IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PMC COMMERCIAL TRUST, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| MIHIR, INC., | § | CIVIL ACTION NO. 3:12-cv-1873 |
| MAHESHKUMAR J. PATEL, | § | |
| KALPANA M. PATEL, | § | |
| DILIPKUMAR R. PATEL, and | § | |
| MINABEN D. PATEL, | § | |
|     Defendants. | § | |

## **COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

PMC Commercial Trust ("PMC"), plaintiff, respectfully submits this Complaint against defendants Mihir, Inc., Maheshkumar J. Patel, Kalpana M. Patel, Dilipkumar R. Patel, and Minaben D. Patel (collectively, the "Defendants") and for causes of action would show the following:

### **PARTIES**

1. PMC Commercial Trust is a Texas real estate investment trust with its principal place of business in Dallas, Texas.

2. Mihir, Inc. is a Virginia corporation, which can be served with process through its president, Maheshkumar J. Patel, at 102 Fairway Lane, Yorktown, VA 23693.

3. Maheshkumar J. Patel is an individual resident of Virginia who can be served with process at 102 Fairway Lane, Yorktown, VA 23693.

4. Kalpana M. Patel is an individual resident of Virginia who can be served with process at 102 Fairway Lane, Yorktown, VA 23693.

5. Dilipkumar R. Patel is an individual resident of Virginia who can be served with process at 264 Plantation Drive, Richlands, VA 24641.

6. Minaben D. Patel is an individual resident of Virginia who can be served with process at 264 Plantation Drive, Richlands, VA 24641.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332. This suit involves a controversy between parties of diverse citizenship and the amount in controversy exceeds $75,000.00.

8. Venue is appropriate in this district pursuant to the provisions of 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to PMC's claims occurred in the Northern District of Texas and because all Defendants contractually agreed to venue in Dallas County, Texas.

## BACKGROUND AND CAUSE OF ACTION

9. PMC made a loan to Mihir, Inc. (the "Borrower"), evidenced by that certain Promissory Note dated November 30, 1998 in the original principal amount of $3,096,000.00 payable to the order of PMC (the "Note").

10. Maheshkumar J. Patel, Kalpana M. Patel, Dilipkumar R. Patel, and Minaben D. Patel (collectively, the "Guarantors") all personally guaranteed all obligations of the Borrower under the Note pursuant to the Guaranty dated November 30, 1998 they all executed (the "Guaranty").

11. PMC is the current owner and holder of the Note and the beneficiary of the Guaranty.

12. The Borrower defaulted on its obligations under the Note. PMC accelerated all amounts due and owing under the Note. The Guarantors all defaulted on their obligations under the Guaranty by failing to satisfy the Borrower's obligations to PMC under the Note.

13. PMC made written demand on all Defendants to pay the full accelerated balance owed on the Note, but Defendants have failed to do so.

14. The interest rate currently in effect for the Note is eighteen percent (18%) per year.

15. As of June 13, 2012, the total amount owed on the Note and Guaranty was $1,583,568.90, plus PMC's attorneys' fees and expenses, costs of court, and other collection expenses. Interest will accrue after that date at the rate of $408.33 per day.

16. All conditions precedent to PMC's right to recover under the Note and Guaranty have been performed or have occurred.

### COUNT I – BREACH OF CONTRACT

17. PMC hereby incorporates all of the foregoing and ensuing allegations as if fully set forth hereat.

18. Defendants breached their obligations to PMC under the Note and Guaranty. Accordingly, PMC is entitled to recover damages against Defendants, jointly and severally, for all amounts due and owing under the Note, plus pre-judgment interest and post-judgment interest at the rate in effect for the Note.

### COUNT II – ATTORNEYS' FEES, EXPENSES, AND COSTS OF COURT

19. PMC incorporates all of the foregoing and ensuing allegations as if fully set forth hereat.

20. Pursuant to the terms of the Note, Guaranty, and Tex. Civ. Prac. & Rem. Code § 38.001 *et seq.*, PMC is entitled to recover from Defendants, jointly and severally, all of PMC's reasonable attorneys' fees and expenses and costs of court incurred in connection with enforcement of the Note and Guaranty.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, PMC requests that this Court enter judgment in favor of PMC against Defendants, jointly and severally, as follows:

(a) awarding actual damages of $1,583,568.90, plus interest at the rate of $408.33 per day after June 13, 2012 until the date of judgment, all due under the Note and Guaranty;

(b) awarding PMC's attorneys' fees and expenses and costs of court;

(c) awarding post-judgment interest at the rate of 18% per year on all amounts awarded; and

(d) awarding such other and further relief to which PMC may be justly entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS,
  WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

By: */s/ Kenneth A. Hill*
    Kenneth A. Hill
    State Bar No. 09646950

ATTORNEYS FOR PMC COMMERCIAL TRUST

4824-0786-4335, v. 1